| iPARRO, Judge,
concurring.
I concur with the result reached by the majority, but I would not pretermit an analysis of the role of “fitness” in this case.
La.Ch.C. art. 1137 provides:
A. An alleged or adjudicated father or his representative, if applicable, may oppose the adoption of his child by filing a clear and written declaration of intention to oppose the adoption with the court indicated in the notice of filing of surrender within fifteen days after the time he was served with the notice of surrender, or from the time he was served with notice of the filing of an adoption petition in the event that no surrender was executed or filed.
B. In order to establish his parental rights at the hearing provided in Article 1138, the alleged or adjudicated father must demonstrate to the court his affirmative efforts to establish or maintain a parental relationship with the child. Relevant evidence includes but is not limited to proof of attempted legitimation of the child, formal acknowledgment of the child, declaration of paternity filed in the putative father registry after July 1, 1992, adjudication of paternity by a court, or provision of substantial parental care and support to the child.
La.Ch.C. art. 1138 provides:
A. Within twenty days after receiving notice of opposition from an alleged or adjudicated father, the court shall hold a hearing to decide if he has established or forfeited his parental rights. The court shall consider his fitness and his commitment to *894 parental responsibilities, including his attempts to establish or maintain a relationship with the child.
B. If the court finds that the alleged or adjudicated father has established his parental rights, the court shall declare that no adoption may be granted without his consent and shall order the child to be in his legal custody. If the court finds that the alleged or adjudicated father has forfeited his parental rights, the court shall decree that his rights are terminated.
C. If the alleged or adjudicated father establishes his parental rights and refuses to consent to the adoption, the court shall order him to reimburse the department, or the licensed private adoption agency, or other agency all ^medical expenses incurred for the mother and the child in connection with the birth of the child.
Article 1137(B) clearly sets forth that the alleged father must “demonstrate” to the court his affirmative efforts to establish “... a parental relationship with the child” in order to establish his parental rights “at the hearing provided in Article 1138.” No reference whatsoever is made to “fitness” in this regard. Then, in the first sentence of paragraph “A” in Article 1138, the court is mandated to hold a hearing to decide if the alleged father “established or forfeited” his parental rights. If the court finds that he has forfeited such rights, the court shall decree that his rights are terminated.[1] La. Ch.C. art. 1138(B). If, on the other hand, the court finds that he has established such rights, then the father is presumptively entitled to his child’s legal custody. Id.
Obviously, once the threshold decision is made as to whether the parental rights were “established or forfeited,” it becomes necessary for the court to determine the fitness of the father to have actual custody if it was decided that he established his parental rights.[2] In this connection, the second sentence of paragraph “A” in Article 1138 requires the court to consider “his fitness and his commitment to parental responsibilities, including his attempts to establish or maintain a relationship with the child.”
Because the child was newly born and removed to an undisclosed location, it would have been impossible for T.P.L. to have established or maintained a relationship with the child. La.Ch.C. art. 1138(A). Therefore, the court could only consider T.P.L.’s fitness and his commitment to parental responsibilities.
hA thorough review of the entire record and the trial court’s reasons for judgment lead to the conclusion that the trial court’s finding that T.P.L. did not meet the criterion of fitness was not manifestly erroneous. However, such a finding of unfitness would merely preclude the awarding of physical custody to T.P.L. at this time, and it would be necessary for the court to conduct further hearings under its juvenile court jurisdiction to determine the placement of Q.P.E. during the interim period. T.P.L. would then be afforded an opportunity to present evidence on this issue and visitation rights in a contradictory hearing with the state.
For the foregoing reasons, I respectfully concur.

. Forfeiture of parental rights in this context is, in essence, an involuntary termination of parental rights, which is addressed in Title X of the Children's Code. Obvious differences exist between the safeguards afforded a parent under that title and the non-existent standards here. Constitutional issues manifested by these differences need not be addressed at this time, however, in light of this courts holding.

. Comment "c" to La.Ch.C. art. 1138 is evidence that consideration was given to such a requirement by the redactors of the Children's Code. Although there is no specific authority for this requirement, the court has inherent power and authority to safeguard and'enhance the health and well-being of children within its jurisdiction.